# IN THE COURT OF APPEALS OF IOWA

No. 19-1316
Filed December 18, 2019

**IN THE INTEREST OF B.B.,**
**Minor Child,**

**D.C., Mother,**
    Appellant.
_____

Appeal from the Iowa District Court for Polk County, Susan Cox, District
Associate Judge.

A mother appeals the termination of her parental rights to one of her
children. **AFFIRMED.**

Aaron H. Ginkens of Ginkens Law Firm, P.L.C., West Des Moines, for
appellant mother.

Thomas J. Miller, Attorney General, and Meredith L. Lamberti, Assistant
Attorney General, for appellee.

Karl Wolle of Juvenile Public Defender, Des Moines, attorney and guardian
ad litem for minor child.

Considered by Vaitheswaran, P.J., and Potterfield and Mullins, JJ.

**VAITHESWARAN, Presiding Judge.**

A mother appeals the termination of her parental rights to one of her children, born in 2018.[1] She contends the State failed to prove the grounds for termination cited by the district court, termination was not in the child's best interests, and the court should have declined to terminate her parental rights based on the parent-child bond.

The district court terminated the mother's parental rights pursuant to several statutory provisions, including Iowa Code section 232.116(1)(h) (2019), which requires proof of several elements, including proof the child could not be returned to the mother's custody. With respect to this ground, the court stated,

> In the last four years, the mother has been unwilling and/or unable to respond to services. She has been repeatedly dishonest re[garding] dangerous relationships with violent men, mental-health problems, substance-abuse problems and lack of stability. Any progress has been short-lived and not sustained. The court believes the mother is in a worse position today to care for children, than she was four years ago. This is based upon her repeated choices to be dishonest and not meaningfully participate in services.

We may affirm if we find clear and convincing evidence to support the court's findings on this ground. *See In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010) ("On appeal, we may affirm the juvenile court's termination order on any ground that we find supported by clear and convincing evidence.").

As the district court stated, the mother has a long history with the department of human services. This court recounted that history in a prior opinion affirming the termination of the mother's parental rights to her oldest child. *See In*

---

[1] The mother's parental rights to an older child were terminated in a separate proceeding, and the mother's rights to her youngest child are not at issue in this proceeding.

*re W.B.*, No. 18-0614, 2018 WL 3650363, at *1–2. (Iowa Ct. App. Aug. 1, 2018). The same circumstances leading to termination in that case surfaced in this proceeding. Specifically, the child in this case was removed from the mother's custody two days after his birth based on the mother's failure to treat her mental illnesses and her failure to sever her relationship with the abusive father of the child. The district court subsequently adjudicated the child in need of assistance.

For the first five months after the child's removal, the mother regularly attended therapy sessions to address her co-dependent relationship with the child's father. She tested negative for drugs and participated in supervised and semi-supervised visits with the child. In light of her progress, the district court granted her a six-month extension of time to facilitate reunification. The court admonished the mother to cease contact with the child's father.

Three months after receiving the extension, the mother gave birth to another child, later found to have been fathered by the same man. A drug patch removed from the mother at the time of the child's birth was positive for methamphetamine. A second patch removed one month later also was positive for methamphetamine as well as cocaine. According to the department case manager, the mother conceded the father spent time in her apartment, used methamphetamine in the apartment, and assaulted her. The case manager recommended termination of the mother's parental rights based on her "mental health," her positive tests for methamphetamine and cocaine, and her continued relationship with the drug-using father who, in her words, was "inappropriate, violent, and not good for her mental health."

The mother did not appear at the termination hearing, leaving the State's evidence essentially undisputed. That evidence supports the court's determination that the child could not be returned to the mother's custody at the time of the termination hearing.

Termination was also in the child's best interests. *See* Iowa Code § 232.116(2). As the district court found, the mother was no closer to acquiring the skills to safely parent her children notwithstanding four years of reunification services.

Finally, there was scant evidence to support the mother's assertion that the district court should have declined to terminate her parental rights based on the parent-child bond. *See id.* § 232.116(3)(c). As noted, the child was removed from her care two days after his birth. *See In re M.W.*, 876 N.W.2d 212, 225 (Iowa 2016) (noting child was outside mother's care for almost two years). Although the department afforded her thrice-weekly visits, the mother declined to fully engage with the child before the termination hearing in order to insulate herself from the trauma of the anticipated termination. While her reaction may have been understandable, the effect was to weaken the already tenuous bond with her child.

We affirm the termination of the mother's parental rights to the child.

**AFFIRMED.**